

EDWARD P. MANGANO  
County Executive

CARNELL T. FOSKEY  
County Attorney

**COUNTY OF NASSAU**  
**OFFICE OF THE COUNTY ATTORNEY**  
One West Street  
Mineola, New York 11501-4820  
516-571-3056  
FAX: 516-571-3058  
WRITER'S DIRECT LINE: 516-571-3014

November 10, 2016

**Via ECF and First Class Mail**

Hon. Anne Y. Shields  
United States District Court  
Eastern District of New York  
100 Federal Plaza  
Central Islip, New York 11722

        Re:    Sharpe v. County of Nassau, et al.  
               CV-15-6446 (ADS) (AYS)

Dear Judge Shields:

      This office represents defendants County of Nassau, Nassau County Police Department, Charles Volpe, Victor Gladitz and Former Police Commissioner Thomas Dale (hereinafter collectively referred to as the "Defendants") in the above-referenced action. The purpose of this application is to request an order compelling Plaintiff to enter into a confidentiality agreement that would govern the handling and disclosure of materials deemed sensitive and/or confidential.

      Shortly after this lawsuit was served our office learned that files pertaining to Ms. Sharpe's criminal charges were sealed in accordance with New York State Criminal Procedure Law ("CPL") § 160.50. Access to those records was essential for defending this lawsuit which alleges an unlawful arrest and malicious prosecution, among other claims. Consequently, on December 11, 2015 Plaintiff's counsel was provided with a stipulation and authorization to unseal Ms. Sharpe's records for purposes of the prosecution and defense of the within lawsuit. The stipulation and authorization included the following provision: **"all records in the custody of the Nassau County District Attorney's Office, the County Court of Nassau County and the District Court of Nassau County concerning the criminal prosecution which is the basis of the within civil action, excluding Grand Jury minutes and all privileged and confidential documents, all of which records may have been sealed pursuant to Criminal Procedure Law Sections 160.50 and 160.55, shall be made accessible to the parties for the purpose of the**

**prosecution and defense of the within civil action and the information obtained will remain confidential between plaintiff and the defendants."**

Confidentiality of documents was the subject of correspondence between counsel for the respective parties. At first Plaintiff refused to sign the stipulation and authorization because her counsel objected to the confidentiality provisions[1]; according to opposing counsel, documents obtained in the context of Ms. Sharpe's criminal prosecution could not be confidential. A copy of the relevant correspondence is annexed hereto as Exhibit A. Plaintiff's counsel was at an advantage. Due to Plaintiff's files being sealed, when this lawsuit was commenced our office was not aware of the universe of existing documents and which of them had been provided to Ms. Sharpe's attorney.

Through inquiry, we learned that an Internal Affairs Unit investigation had been conducted. Reports of IAU investigations are the type of document that would certainly be appropriate for confidential treatment as they are not public documents nor intended to be released to the public. See *Dorsett v. County of Nassau*, 762 F.Supp.2d 500, 518-19 (E.D.N.Y. Jan. 14, 2011).

During the Initial Conference, held on June 22, 2016, the parties raised the issue of confidentiality with respect to certain documents, among them the Internal Affairs Report (See Civil Conf. Minute Order 6/22/16, DE 9). The parties were to report back to the Court as to whether they had reached agreement on treatment of confidential information. By letter dated July 8, 2016 we informed the Court that a proposed Confidentiality Agreement had been sent to Plaintiff's counsel for review (DE 10).

County Defendants' proposed Confidentiality Agreement provides the appropriate and necessary framework that would govern the parties' disclosure of sensitive and confidential information. It is a document that has been repeatedly and effectively used by multiple litigants and this office. Moreover, it has been regularly accepted and approved by EDNY. The proposed Agreement enables a party to designate documents or materials as confidential and provides a mechanism for the disclosure of sensitive materials that are not otherwise privileged. It also sets forth a procedure for the receiving party to challenge a designation of confidentiality.

The proposed Confidentiality Agreement, a copy of which is annexed hereto as Exhibit B, was sent to Plaintiff's counsel on or about July 1, 2016. This office followed up with e-mail correspondence on July 7, 11, 28 and August 29 requesting the status of execution of the Agreement. (See Exhibit C).

To date, the Plaintiff has not discussed any revisions to the proposed Agreement but has instead declined to enter into any agreement on the designation of documents as "confidential" or for the handling and disposition of same. This refusal precipitates the within motion to compel because courts have an inherent power to issue confidentiality orders. *See Seattle Times Co. v.*

---

[1] Although the Stipulation and Authorization to unseal records contemplated maintaining records confidential to the parties, it was the Defendants' intent to have a separate Confidentiality Agreement executed as well. A proposed Confidentiality Agreement was mentioned in e-mail correspondence (See Exhibit A) and a copy of a proposed Agreement was forwarded to Plaintiff's counsel on July 1, 2016 (See Exhibit B).

*Rhinehart*, 467 U.S. 20, 35-36 (1984). Thus at the October 6, 2016 status conference, the Court provided a deadline for filing the within application.

At that time, Plaintiff's counsel made reference to the necessity of Defendants' counsel moving for a protective order. It is believed that the basis for that assertion rests in the fact that Plaintiff's counsel served discovery demands on or about August 1, 2016 and was of the opinion that Defendants were now required to seek a protective order.

Defendants contend, however, that a rule 26(c) motion for a protective order is not appropriate under the circumstances. First, Plaintiff's demands were prematurely served during the time designated for Phase I discovery and therefore, not properly served. More specifically, according to the Proposed Discovery Plan Worksheet, filed July 18, 2016 (DE 11), parties first set of interrogatories and document demands was to be served within 30 days after the status conference which marked the end of Phase I discovery. Here, the status conference had been scheduled for August 22, 2016, making discovery demands due by September 21. Because the status conference was adjourned and not held until October 6, the demands would not be due until November 7.

Second, Plaintiff was well aware that the County was requesting that she enter into a Confidentiality Agreement that would affect discovery. (See Exhibit C).

Third, Defendants have not indicated a refusal to turn over non-privileged and relevant documents. What we are saying is that certain documents, such as an Internal Affairs Unit report which investigated Plaintiff and the individual officers, while being relevant to the underlying claims in this litigation also contain sensitive information and are appropriate for treatment under an order of confidentiality.

Defendants respectfully suggest that imposition of a Confidentiality Agreement or Order will facilitate the flow of discovery.

In light of the foregoing, it is respectfully requested that the Court issue an order compelling Plaintiff to enter into a confidentiality agreement or, alternatively, that the Court "so order" the agreement attached as Exhibit B, hereto.

Thank you for your time and attention in this matter.

Respectfully submitted,

*Liora M. Ben-Sorek*
Liora M. Ben-Sorek
Deputy County Attorney

Exhibits Attached

cc:   Frederick K. Brewington, Esq. (Via ECF)