THE LAW OFFICES OF
# FREDERICK K. BREWINGTON

*Attorneys and Counselors at Law*
556 Peninsula Blvd., Hempstead, New York 11550
Phone: 516-489-6959 • Fax: 516-489-6958 • www.brewingtonlaw.com

Frederick K. Brewington
Ira Fogelgaren

December 6, 2016

***VIA ELECTRONIC CASE FILING***
Honorable Anne Y. Shields
United States Magistrate Judge
United States District Court, Eastern District of New York
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, New York 11772

> Re:   *Sharpe v. County of Nassau, et.al.*
> ***Docket No.: CV-15-6446 (ADS)(AYS)***

Dear Judge Shields:

As you records will reflect, we are the attorneys representing the Plaintiff in the above referenced matter.

Despite the clear discussion had with the Court about the Defendants' position of their refusal to disclose documents in their possession, they now attempt to avoid their obligtion to seek a protective order.  Instead, they remarkably state that they are now "request[ing] and order compelling Plaintiff to enter into a confidentiality agreement that would govern the handling and disclosure of materials deemed sensitive and/or confidential."   In the last appearance before the Court, it was clear that it was the Defendants that needed to make their case for a protective order as to their refusal to respond to Plaintiff's document requests and demand for the Internal Affairs investigation and report involving the wrongful actions taken against Plaintiff as well as the investigation of Plaintiff which is part of Plaintiff's charge of wrong doing.

Defendants well know that the focus of the current logjam of discovery arises from their absolute refusal to disclose and answer demands which have been pending for months with them seeking to force Plaintiff to agree to their unjustified terms and conditions before they adhered to their obligation to either respond or timely seek a protective order.  Plaintiff objects to Defendants' attempt to place and shift the burden of their instant application on to Plaintiff

to justify their timely and reasonable demand for full and unlimited disclosure. As will be set out below, the Defendants' instant motion is both misplaced and insufficient to prevent Plaintiff from unconditionally having the documents, reports and records which are being unlawfully withheld.

Retired Officer Dolores Sharpe is a twenty (20) year African-American woman veteran of the Nassau County Police Department (hereinafter "Department")and prior to her forced retirement served in the Applicant Investigation Unit of the Department. Her work in and for the Nassau Police Department was recognized by awards from such organizations as the Grand Council of the Guardians for her controlled and calm demeanor have allowed her to serve Nassau County and its residents in such areas as Community Affairs- teaching in schools and at senior events; Court Liaison in the District Court; and working dignitary details such as the Presidential Debate of 2012 and the Black Course at Bethpage for the Open. Officer Sharpe's police work not only included 10 solid years on patrol, but her work for the United Nations and service in the United States Air Force (military police) have provided her with a top shelf education in policing. When this practical experience is added to her degree from the John Jay School of Criminal Justice, she clearly stood apart as one of the finest examples of what the Nassau Police Service included.

The evidence in the malicious criminal trial of Plaintiff proved that on Friday, November 29, 2013 Officer Sharpe was confronted by another member of the Department that exhibited an uncontrolled level of aggression, abusive language and vindictive nature that clearly placed the public at risk. Officer Charles L. Volpe's decision to conspire with his "partner" Police Officer Gladitz, become vulgar, verbally abusive and physically threatening to Officer Sharpe, along with the use of verbal threats and unnecessary physical force by Officer Victor J. Gladitz, who were both out of the Fifth Precinct at that time, mark a series of improper acts against Officer Sharpe that not only violated her rights as a citizen, but violated numerous procedures, rules and regulations for which each of these officer should be made to answer. The misuse of arrest and the filing of false charges against Officer Sharpe has only served to make a bad situation worse. The evidence in this matter clearly showed that any claim of resisting arrest against Officer Sharpe was nothing short of ludicrous and was the subject of the filing of a false written statement and criminal submission of reports what were only filed as an attempt by the subject officers to coverup their own wrongful acts. The officers complete disdain and ongoing verbal abuse of Officer Sharpe was captured, in part on, on tape and clearly shows an exhibition of gender and racial bias that was evident from Officer Volpe's and Gladitz's barrage of curses and insults. The clear falsity of sworn statements by these officers are the subject of this litigation and have to fully addressed.

Our client was forced to endure the act of being handcuffed in public; having the unauthorized removal of her service weapon from her; disrespected in multiple ways; having her credentials snatched from her possession; she was physically grabbed, slammed and

handled by the officers all without reason or legal authority.  Not only was this incident one which subjected Officer Sharpe to an extreme level of humiliation, but the clear attempt by these two officers was to personally degrade her and deprive her of any sense of dignity. Following the acquittal of all criminal charges, which highlighted the mistreatment of Officer Sharpe by Officers Volpe and Gladitz, the Defendant County used its authority to maliciously charge Officer Sharpe with police departmental charges that were not commenced **until after** she successfully defending against the criminal charges.  These false charges were against Officer Sharpe, as were the wrongfully actions of the two offending officers, the subject of the Internal Affairs investigations and findings.  Defendants knew the scope of this matter and were aware of the existence of this "Internal Affairs Unit Investigative report" was known to exist as early as July 5, 2016 when they provided their Initial Disclosures.**(Exhibit A)**

While the burden to show 'good cause' to prevent unlimited access is on the Defendants here, *Byrnes v. Blue Cross Blue Shield*, No. 98 Civ. 8520, 2000 WL 60221, at *1 (S.D.N.Y. Jan. 25, 2000), the right to even address a 'good cause' basis for a protective order cannot be provided until and unless it is clear that 'good cause' has been demonstrated for not seeking same prior to the current application.  Indeed, Defendants are seeking this misguided application more than 3 ½  months after Plaintiff served its Rule 26 disclosures (with over 1300 pages of documents) and 2 ½ months after  Plaintiff served her document demands **(Exhibit B)**.  At no time in these past three months have Defendants sought this extraordinary relief from the Court. "The party seeking a protective order bears the burden of establishing that good cause for the order exists." *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 71 (S.D.N.Y. 2010). "[T]he existence of good cause for a protective order 'is a factual matter to be determined from the nature and character of the information sought,'" and cannot be established by "stereotyped and conclusory statements." 8A Charles Alan Wright, Arthur Miller & Richard L. Marcus, Federal Practice and Procedure § 2035 (3d ed.  2010) (citation omitted). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. Moreover, the harm must be significant, not a mere trifle." *Duling*, 266 F.R.D. at 71 (citation omitted).  We respectfully remind the Court, that the instant discussion is not just about discovery or disclosure from one party to another, but it is the Defendants seeking to place limitations on Plaintiff's ability to address a much greater concern about the treatment of Black women like her.

Rule 26(C) which governs Protective Orders, states:

> "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to

confer with other affected parties in an effort to resolve the dispute
without court action. The court may, for good cause, issue an order to
protect a party or person from annoyance, embarrassment, oppression,
or undue burden or expense, including one or more of the following:
      (A) forbidding the disclosure or discovery;
      (B) specifying terms, including time and place, for the disclosure
or discovery;
      (C) prescribing a discovery method other than the one selected by
the party seeking discovery;
      (D) forbidding inquiry into certain matters, or limiting the scope
of disclosure or discovery to certain matters;

      (E) designating the persons who may be present while the
discovery is conducted;
      (F) requiring that a deposition be sealed and opened only on court
order;
      (G) requiring that a trade secret or other confidential research,
development, or commercial information not be revealed or be revealed
only in a specified way; and
      (H) requiring that the parties simultaneously file specified
documents or information in sealed envelopes, to be opened as the court
directs.

      The Defendants are clearly the ones seeking to limit, condition or fail to disclose the
records, investigation and reports in their possession.  The party opposing disclosure must
make a particular and specific demonstration of fact showing that disclosure would result in
an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated
by specific examples or articulated reasoning fail to satisfy the test. *In re Parmalat Securities
Litigation,* 258 F.R.D. 236, 244 (S.D.N.Y. 2009) Rather than provide specific examples or
articulated reasoning as to how the disclosure of the Internal Affairs Report would result in
an injury sufficiently serious to warrant protection, the County Defendants make conclusory
arguments that are insufficient to support the relief they seek.  ("The party seeking protection
from disclosure has the burden of making a particular and specific demonstration of fact, as
distinguished from general, conclusory statements revealing some injustice, prejudice, or
consequential harm that will result if protection is denied.") *See; In re Terrorist Attacks on Sept.
11, 2001,* 454 F.Supp.2d 220, 222 (S.D.N.Y.2006) and *Blum v. Schlegel,* 150 F.R.D. 38, 41
(W.D.N.Y.1993)

      "It is well established that the party seeking the issuance of a protective order bears the
burden of demonstrating good cause to support such an order." Infra. "To satisfy the burden

of showing good cause, the moving party must demonstrate that 'disclosure will work a clearly defined and very serious injury'." ., *Zenith Radio Corp. v. Matsushita Elec. Industrial Co., Ltd.,* 529 F.Supp. 866, 891 (E.D.Pa.1981*); Reliance Insurance Co. v. Barron's,* 428 F.Supp. 200, 202-203 (S.D.N.Y.1977); *United States v. IBM Corp.,* 67 F.R.D. 40, 46 (S.D.N.Y.1975). "The movant must also show that there 'will indeed be harm by disclosure'." *Cuno Inc. v. Pall Corp.,* 117 F.R.D. 506 (E.D.N.Y.,1987); citing, *Foils Inc. v. Huyek Corp.,* 61 F.R.D. 405, 409 (N.D.N.Y.1973).

"[P]retrial protective orders, designed to limit the dissemination of information gained through the civil discovery process, are subject to scrutiny under the First Amendment." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, at 37 (1984). Before blocking plaintiff's First Amendment rights "it is necessary to consider whether the practice in question [furthers] an important or substantial governmental interest unrelated to the suppression of expression and whether "the limitation of First Amendment freedoms [is] no greater than is necessary or essential to the protection of the particular governmental interest involved."" *Id.* at 32. Defendants have utterly failed to illuminate to the court any "important or substantial" governmental interest that justifies restricting the overwhelming First Amendment interests regarding the County violating the rights of Plaintiff and thousands of others. Defendants know the retaliatory actions taken by the false departmental charges and the investigation that followed are key elements in Plaintiff's charges against these defendants. Yet, they want to bridle Plaintiff and limit its availability and use for no real reason or well stated purpose.

Based on the foregoing, Defendants cannot shift the responsibility of addressing their refusal to disclose by claiming that Plaintiff must be compelled to sign a stipulation. Further, the Defendants have failed to offer any facts that provide support for a protective order even if they were entitled to such an order, even if they had made a proper application.

Respectfully submitted,

FREDERICK K. BREWINGTON

Encls.
cc:     Liora Ben Sorek, Esq. (via ecf)
FKB:pl

5

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

DOLORES SHARPE,

                              Plaintiff,

        -    against    -

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, CHARLES VOLPE, in
his individual and official capacities, VICTOR
GLADITZ, in his individual and official capacities
And Former Police Commissioner THOMAS
DALE, in his individual and official capacities,

                              Defendants.
-------------------------------------------------------------X

CV-15-6446 (ADS) (AYS)

INITIAL DISCLOSURES
PURSUANT TO FRCP 26(a)

RECEIVED

JUL - 7 2016

LAW OFFICES OF
FREDERICK K. BREWINGTON

        Defendants, by their attorney, Carnell T. Foskey, Nassau County Attorney, by Liora M.

Ben-Sorek, Deputy County Attorney, provides the Automatic Disclosure pursuant to Rule

26(a)(1) of the Federal Rules of Civil Procedure, as follows:

        (a)      The identity of all persons with pertinent information respecting claims, defenses

and damages:

                 Other than plaintiff, defendants know of no other persons with information

pertinent to the claims or defenses in this action.

        (b)      A general description of all documents in the custody and control of the parties

bearing significantly on claims and defenses:

-        Internal Affairs Unit investigative report re: Dolores Sharp, Charles Volpe,
         and Victor Gladitz;*
-        NCPD Paperwork re: arrest of Dolores Sharpe;*
-        Nassau County District Attorney's Office file re: People v. Dolores Sharpe.*

*Denotes that this document is sealed pursuant to CPL § 160.50. Because Plaintiff has not yet
stipulated to the unsealing of her records in the underlying criminal proceedings, defense counsel
does not have copies of these documents.

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

DOLORES SHARPE,                                    CV-15-6446 (ADS) (AYS)

                        Plaintiff,                 CERTIFICATE OF
                                                   SERVICE BY MAIL

        -    against    -

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, CHARLES VOLPE, in
his individual and official capacities, VICTOR
GLADITZ, in his individual and official capacities
And Former Police Commissioner THOMAS
DALE, in his individual and official capacities,

                        Defendants.
----------------------------------------------------------------X

        Liora M. Ben-Sorek, being an attorney duly admitted to practice law in the Courts of the
State of New York and in the United States District Court, Eastern District of New York,
certifies as follows:

        1.  The undersigned is over twenty-one years of age, is not a party to the proceedings
herein, and is an employee of the County of Nassau.

        2.  That on July 5, 2016 she served the within Defendants' Automatic Disclosures
pursuant to Fed. R. Civ. Pro. 26(a), upon:

        Frederick K. Brewington, Esq.
        556 Peninsula Boulevard
        Hempstead, New York 11550

by depositing a true copy of the same securely enclosed in a post-paid wrapper in a post office
box regularly maintained by the United States Government at One West Street, Mineola, New
York, directed to the above at the address designated by him for the purpose upon the preceding
papers.

Dated: Mineola, New York
        July 5, 2016

                                                   _Liora M. Ben-Sorek_
                                                   Liora M. Ben-Sorek

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DOLORES SHARPE,

                           *Plaintiff*

       - against -

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, CHARLES VOLPE,
in his individual and official capacities, VICTOR
GLADITZ, in his individual and official capacities
and Former Police Commissioner THOMAS DALE,
in his individual and official capacities,

                           *Defendants.*
-------------------------------------------------------------------X

DOCKET NO.: CV-15-6446
(ADS) (AYS)

COPY

**PLAINTIFF'S FIRST SET
OF INTERROGATORIES &
DOCUMENT REQUESTS**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

**PLAINTIFF,** by and through his attorneys, The Law Offices of Frederick K. Brewington, hereby demand that Defendants, COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, CHARLES VOLPE, VICTOR GLADITZ, and THOMAS DALE, answer respond and supply the information and documents requested herein, pursuant to Rule 33 of the Federal Rules of Civil Procedure, (FRCP). Defendants are hereby required to the answer the following interrogatories fully in writing, under oath, within thirty (30) days after service thereof.

**FURTHER,** Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants are hereby required to produce and permit inspection of the documents requested herein at The Law Offices of Frederick K. Brewington, 556 Peninsula Blvd., Hempstead, New York 11550 within thirty (30) days after service hereof.

## GENERAL INSTRUCTIONS

In answering these interrogatories, Defendants must include all information known to the Defendants, their agents, and employees, including their attorneys, and all persons acting on their behalf or under its control.

If Defendants do not possess information to answer any interrogatory, they are under a duty to make a reasonable effort to obtain the information.

If the answer to any interrogatory, or any subsection of any interrogatory, is unknown, so state and include the name and address of any person, office, organization or agency that has or might have such information.

If any of these interrogatories can not be answered in full, answer to the extent possible, specifying the reasons for Defendants' inability to answer the remainder, and stating what information, knowledge or belief Defendants have concerning the unanswered portion.

If any answer to any interrogatory is presently known, Defendants should so state and, in addition, should respond to the interrogatory within twenty (20) days from the time the answer to the interrogatory becomes known.

The interrogatories herein are continuing in nature. If at any time after service of your answers hereto and prior to the trial of this action, you obtain additional information responsive to any of these interrogatories, you shall promptly and in no event later than five (5) days before trial, serve Supplemental Answers setting forth such additional information.

If any privilege is claimed with respect to any response to an interrogatory, state the statute or rule and underlying factual basis therefore.

In producing documents compliance with this request can be made by making true and correct copies of said documents and forwarding them to Plaintiff's counsel, at the address indicated below, provided that such documents are received by counsel within the prescribed time period.

The request for production of documents, which follows, shall be deemed continuing to the extent required by Rule 26 (e) of the Federal Rules of Civil Procedure, and the Defendants are required to provide, by way of supplementary answers thereto, such additional documents as they, or any person(s) acting on their behalf, may thereafter obtain which will in any way be responsive to the within request. Such supplemental responses are to be served upon the Plaintiff within thirty (30) days after receipt of such information of documents.

Questions regarding the interpretation of the within request for production should be resolved in favor of the broadest possible construction.

If any document requested to be produced was, but no longer is in the Defendants' possession or control, or is no longer in existence, state whether it is (1) missing or lost; (2) destroyed; (3) transferred voluntarily to others and if so to whom; or (4) otherwise disposed of and in each instance explain the circumstances surrounding the authorization for such disposition and state the approximate date thereof.

With respect to any document Defendants withhold on the basis of privilege, Defendants shall state the privileged claimed, the statute or rule, and advise Plaintiff of the fact(s) setting forth the grounds of the claimed privilege and shall provide the following information separately as to each document: general description of the subject matter; author; recipients; date; number of copies prepared; by whom they were prepared; the identity of each person who has received a copy or had an opportunity to receive a copy thereof and the custodian of the original document. At the time of trial, the Plaintiff may move the Court for an order excluding from evidence all documents, communications and tangible or intangible things known to you at the time of your responses to these document production requests, and not disclosed in your responses thereto.

## DEFINITIONS

Plaintiff incorporates by reference the definitions set forth in Civil Rule 47 of the Rules of the United States District Court for the Southern and Eastern Districts of New York. Certain words used in these interrogatories and document production requests have the meaning ascribed to them below, namely:

1.      "ANSWER" means Defendants' answer to Plaintiff's complaint;

2.      "COMMUNICATION" means any exchange of information, whether oral or written means, or by the submission of any DOCUMENTS as defined below.

3.      "COMPLAINT" means the complaint served by the Plaintiff herein.

4.      "DEFENDANTS" "YOU", and "YOUR", means each Defendant, both individually and jointly, their attorney(s), investigators, agents or anyone else acting on their behalf.

3

5.      "DOCUMENT" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure, but shall not be limited thereto and shall also include the original writings of any nature whatsoever, and where originals are not available, identical copies of originals, and any non-identical copy (regardless of origin) and all drafts of agreements, contracts, amendments, addenda, checks, check stubs, demands, statements, protocols, correspondence, memoranda, reports, financial reports, notes, letters, telegrams, messages (including reports, notes, and memoranda of telephone conversations and conferences), studies, agenda, analyses, booklets, books, bulletins, circulars, comparisons, instructions, magazines, minuets, newspapers, notices, purchase orders, invoices, questionnaires, shipping orders, and other COMMUNICATIONS, and studies, surveys, charts, graphs, photographs, phonograph tape (or other recordings or data compilations), telegrams, teletype, telex and any other writings, of any nature whatsoever, including all attachments thereto, including all data stored for use in or with, electronic data processing equipment, microfilm and other media from which information can be obtained, in your possession, custody or control, or of a controlled subsidiary, regardless of where located, of which you have knowledge or of which you may locate or discover by reasonably diligent effort.

6.      "IDENTIFY" means:

(A)      When referring to a person, state the full name and on the first occasion that such person is identified, the last known business and home address, the last known business and home telephone numbers, and if a natural person, his/her present and last known position or business affiliation, as well as his/her employer and position and job description, or business affiliation, at the times to which the interrogatory has referenced;

(B)      When referring to any document, writing or written communication, state, where not apparent from the face thereof, and regardless of whether any claim of privilege is asserted;

(i)      the nature of the document (e.g.), letter, contract, memorandum;
(ii)     its date;
(iii)    the name and address of its author and the name and address of each addressee;

4

        (iv)     its present location and custodian; and
        (v)      its substances with sufficient particularity for a specified demand for production.

(C)    When used with reference to an oral communication:
        (i)       state the date on which it occurred;
        (ii)      state where made;
        (iii)    identify each person present when it was made;
        (iv)    state its substance; and
        (v)     identify each document which refers thereto.

In lieu of identifying with particularity each document required to be identified by any of the interrogatories, you may exercise your option, pursuant to Rule 33(c) of the Federal Rules of Civil Procedure, to annex a copy of each document to the answer to that interrogatory. This option shall in no way prejudice the rights of the undersigned to require the production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure.

7.     "PLAINTIFF" shall mean Dolores Sharpe.

8.     "RELATING TO" shall mean constituting, describing, discussing, mentioning, commenting about, referring to, reflecting or in any way logically or factually connecting with the matter described in that paragraph of these document production requests.

9.     "FILE" refers to any collection of any number of documents.

10.    "PERSONNEL" refers to all employees, including officials, officers, managers, supervisors, foreman, professionals, office and any other person(s) carried on the payroll of the respondent.

11.    The use of the singular form of a word defined shall apply to the plural as well, and words used in the masculine gender shall include the feminine.

12.    The words "or" and "and" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any documents which might otherwise be construed to be outside the scope. Thus, "or" will be "and" and vice versa where suitable.

13.    "INFORMATION" as herein used includes formal and informal statements, notes, letters, telephone conversations, memoranda or other forms of documentation.

14.   "ORGANIZATIONAL STRUCTURE" refers to all administrative units, including sections, branches, areas, offices, departments, or divisions and any subdivisions thereof, no matter how small.

15.   "PERSON" as used herein shall include the complete name, present address, telephone, occupational title, race and age.

16.   "SUPERVISORY POSITION" refers to any job in which one employee oversees or directs any other employee or the work of another employee.

17.   "COUNTY" refers to NASSAU COUNTY.

## INTERROGATORIES

### INTERROGATORY NO. 1

IDENTIFY each and every law enforcement officer/agent (including Defendant officers named in Plaintiff's Complaint) who were actually present on the scene on the date, time, and place of the incident at issue in the Complaint wherein Plaintiff Ms. Sharpe was arrested by a Nassau County Police Officer.  For each such Individual, list his/her: (i) name, (ii) rank, (iii) badge number/serial number, (iv) command, and (v) exact purpose for responding to the scene of the incident.

### INTERROGATORY NO. 2

IDENTIFY the names, addresses, and contact information of any and all non-law enforcement civilian witnesses and/or eyewitnesses, known to Defendants and/or their agents, who witnessed and/or observed any aspect of the incident at issue in the Complaint, and/or whom were interviewed (for any reason) by the Defendants regarding the arrest incident at issue in the Complaint.

### INTERROGATORY NO. 3

IDENTIFY the names of any and all members of the District Attorney's Office (Whether or not same is affiliated with the Nassau County DA's Office) who were involved in any aspect of the investigation of the arrest at issue in the Complaint and/or were involved in the prosecution of

Plaintiff Dolores Sharpe following the arrest at issue in the Complaint.

**INTERROGATORY NO. 4**

IDENTIFY each and every law enforcement officer/agent (including the Defendant Officers named in Plaintiff's Complaint), who were involved in the detainment, observation, guarding of Plaintiff Dolores Sharpe following the arrest, during any period of time that Ms. Sharpe was detained by the Defendants Nassau County and/or Nassau County Police Department.

**INTERROGATORY NO. 5**

IDENTIFY any and all individuals, persons, agencies, entities, and/or establishments from which/whom Defendants collected evidence (including but not limited to surveillance footage, recordings, documents, statements, ballistics, materials, data, information during the investigation of the arrest alleged in Complaint, whether or not said items collected were actually used in furtherance of the criminal prosecution of Ms. Dolores Sharpe.

**INTERROGATORY NO. 6**

IDENTIFY any and all individuals from which Defendants sought or obtained opinions, reports, investigations, items and/or materials in furtherance of any investigation into the arrest of Dolores Sharpe and/or to support Defendants' theories, assertions, contentions, and/or allegations against Dolores Sharpe during said investigation into the arrest alleged in the Complaint.

**INTERROGATORY NO. 7**

Provide the basis and explanation for the following affirmative defenses provided in Defendants' Answer to Plaintiff's Complaint:

i)     Plaintiff has failed to mitigate damages in this matter;

ii)     The alleged acts of conduct of the Defendants herein, under the case of Monell v. New York City Department of Social Services does not create vicarious liability pursuant to the doctrine of respondeat superior and, consequently, Nassau County cannot be liable for any acts or conduct of any individual Defendants herein, as a matter of law;

7

    iii)     The County of Nassau, its departments, and/or employees at all applicable times herein enjoyed full, partial, or qualified immunity from civil suit;

    iv)     The complaint is barred by the Intra-Corporate Conspiracy Doctrine.

**INTERROGATORY NO. 8**

STATE What, if any, disciplinary and/or administrative actions were taken against Defendants GLADITZ, and VOLPE following their testimony, statements, and actions against Officer Sharpe after the arrest alleged in the Complaint. If disciplinary charges were provided, IDENTIFY the current status and/or outcome of any such charges and the nature of such charges.


**INTERROGATORY NO. 9**

IDENTIFY any and all comlaints, against Defendants GLADITZ, VOLPE, and DALE (whether by civilians or other members of service) regarding any actions taken by Defendants while acting within the scope of their duties as members of the Nassau County Police Department. (The answer to this interrogatory should include complaints made to internal Police Department agencies as well as complaints made to outside agencies such as the Civilian Complaint Review Board).

**INTERROGATORY NO. 10**

IDENTIFY any and all actions taken or performed by the Nassau County Police Department (any and all departments therein) regarding, about and/or against Defendants GLADITZ, VOLPE, or DALE with respect to investigations within the scope of their employment with the Nassau County Police Department.

**INTERROGATORY NO. 11**

IDENTIFY if any named Defendant herein has ever been arrested, prosecuted, and/or convicted of any crimes or criminal violations (in the state of N.Y. or any other jurisdiction). If the answer to this interrogatory is "yes" IDENTIFY the parties, docket/index number(s), court, year, and disposition of any such arrest or prosecution.

**INTERROGATORY NO. 12**

STATE whether the Nassau County Police Department and/or any of its employees representative, department, divisions, personnel identified any falsities or inconsistencies in the statements made by Defendants VOLPE and/or GLADITZ related to their arrest and prosecution of Plaintiff and IDENTIFY what (if any) actions were taken against them as a result thereof.

**INTERROGATORY NO. 13**

IDENTIFY any and all disciplinary charges/specs taken against Plaintiff by the Nassau County Police Department following Plaintiff's arrest listed in Complaint.  As to any such charges and/or specification provide:

i)      When they were officially issued by the Nassau County Police Department;

ii)     State if the charges were investigated;

iii)    If the charges were investigated state by whom (giving name, rank, and shield number of the person or persons identified);

iv)     If the charges were investigated state in detail the outcome of the investigation and any findings.

**INTERROGATORY NO. 14**

IDENTIFY the individuals involved in the decision to charge Ms. Sharpe with harassment and having unlawfully tinted windows and if different persons were involved in each, please state so.  STATE the reasons, and provide a complete explanation as to these decisions and why these charges were not instituted until the date of the arraignment.

**INTERROGATORY NO. 15**

On November 29, 2013, IDENTIFY all individuals in a supervisory position with regard to Defendants VOLPE and GLADITZ, and Plaintiff. STATE if and any such supervisors were informed of Plaintiff's arrest listed in the Complaint.  STATE  involvement if they had any with regard the decisions to suspend and prosecute Ms. Sharpe.

**INTERROGATORY NO. 16**

IDENTIFY any and all individuals, who watched and/or listened to the recording, of the arrest listed in the Complaint, and when they watched and/or listened to the recording.   Then STATE, for each of those individuals identified as having watched and/or listened to the tape, whether they participated in the prosecution of Ms. Sharpe for resisting arrest, harassment, and/or having unlawfully tinted windows, or were involved in the decision to suspend Ms. Sharpe without pay from the Nassau County Police Department.  Provide those individuals' explanations for making those decisions after watching the recording.

**INTERROGATORY NO. 17**

IDENTIFY the number of telephones, pagers, or other devices used for communication for Defendants VOLPE, GLADITZ, and DALE on November 29, 2013.  Provide the telephone numbers and/or serial numbers for each of those devices as well as any information regarding the use of those devices on November 29, 2013.

**INTERROGATORY NO. 18**

IDENTIFY, in detail, the actions of Defendants VOLPE and GLADITZ immediately proceeding, meaning the thirty (30) minutes prior to, pulling over Ms. Sharpe.  Include telephone calls, radio broadcasts, the direction and movement of their vehicles, whether they stopped their vehicles at any time, whether they were patrons at any stores, whether they had conversations with any civilians from their vehicles, whether they were conducting any investigations, and whether they were acting on any previously communicated instructions, orders, or agreements of any kind.

**INTERROGATORY NO. 19**

Provide the basis and explanation for the following affirmative defenses provided in Defendants' Answer to Plaintiff's Complaint:

  i)  If the Plaintiff sustained the damages as alleged in the Complaint, such damages were sustained solely through and by virtue of the negligent, reckless, illegal and/or wrongful conduct of the Plaintiff without any negligence, recklessness, illegality

10

and/or wrongfulness on the part of the Defendants, or the County of Nassau, its agents, servants or employees contributing hereto;

ii)     The alleged acts or omission of the Defendants are not the proximate cause of any injury(ies) or damage(s) allegedly incurred by the Plaintiff.  Any injury(ies) or damage(s) incurred by Plaintiff were the result of her own actions, the actions of others and/or the superseding intervention of causes outside the control of the Defendants;

iii)    Plaintiff has not complied with section 52 of the County Law of the State of New York;

iv)    The County of Nassau, its agencies, departments and/or employees at all applicable times herein enjoyed full, partial or qualified immunity from civil suit.

## DOCUMENT REQUESTS

## REQUEST FOR PRODUCTION OF DOCUMENTS

1)     ALL DOCUMENTS responsive to the foregoing interrogatories.

2)     ALL DOCUMENTS responsive to the Plaintiff's Complaint.

3)     ALL personnel files of each of the DEFENDANTS including, but not limited to, all records, interviews, memoranda, or other DOCUMENTS contained in or made a part of the personnel records or other files wherever kept, of DEFENDANTS that were or are currently maintained by DEFENDANTS or any of its departments, agencies, or employees, including, without limitation, complaints concerning conduct, disciplinary or internal review of activities and psychiatric evaluations.

4)     ALL DOCUMENTS RELATING TO the occurrences alleged in the complaint, including, but not limited to:

(a)  police reports

(b)  witness' statements

(c) investigation files, records, notes, documents, *Rosario* materials, Etc.

11

5)      ALL DOCUMENTS RELATING TO the criminal arrest(s) and prosecution(s) of Plaintiff, including but not limited to any and all Rosario materials, files, investigations, data, research, reports, complaints, warrants (arrest and/or search), mug-shots, criminal records/history, fingerprints, photographs, videos, audio recordings and transcripts.

6)      ALL personnel logs concerning activities of employees of the Nassau County Police Department who were involved with the search, seizure, arrest and detention of Plaintiff.

7)      ALL DOCUMENTS, including, but not limited to, all records and reports, investigations RELATING TO the conduct/misconduct of any and all police officers involved in the search, seizure, arrest and detention of Plaintiff Dolores Sharpe.

8)      ALL DOCUMENTS, including but not limited to, all memoranda, directives, bulletins, and/or reports, detailing internal disciplinary action or otherwise against Individual DEFENDANTS or any other personnel involved in the search, seizure, arrest and detention of Plaintiff Dolores Sharpe.

9)      Any and all DOCUMENTS, memorandum, notes, files, records, logs, entries, journals, data compilations, papers, writings, recordings (of any kind) related to the criminal investigation of Dolores Sharpe - whether or not actually contained in the formal criminal file related to (People v. Sharpe, *Docket No: 2013NA027341*).

10)     Any and all DOCUMENTS, memorandum, notes, files, records, logs, entries, journals, data compilations, papers, writings, recordings (of any kind) related to the criminal investigation of Mr. Dolores Sharpe following the arrest at issue in the Complaint.

11)     Any and all documents, information, journals, logs, entries, compilations, notes, files, recordings, maintained by Defendants related to any and all investigations conducted by the NASSAU COUNTY POLICE DEPARTMENT and/or NASSAU COUNTY into the actions and conduct of the Defendant Police Officers involved in the arrest of Mr. Dolores Sharpe.

12)     Any and all statements made by any named defendant herein and/or any other member, employee, agent, officer, or representative of the NYPD (including Defendants herein)

12

related to the matter of (People v. Sharpe, *Docket No: 2013NA027341*).The answer to this request should include any and all testimony provided during the criminal proceeding - including but not limited to statements made to any Grand Jury.

13)     Any and all electronic recordings, surveillance videos, tapes, data, communications, transmissions, interviews, statements, physical evidence/items maintained by Defendants and/or and agency of Defendants related to the matter of (People v. Sharpe, *Docket No: 2013NA027341*).

14)     Any and All procedures, manuals, guides, programs, practices, protocols, policies, instructions (written or otherwise) related to investigations, use of force, arrest procedures - for the NYPD - which were in effect at the times relevant to the Complaint, and by which Defendant law enforcement officers were bound at the time of the Complaint.

15)     Any and all investigations, documents, notes, memorandum, directives, orders, findings, determinations, reports, and conclusions conducted by Internal Affairs and/or any individuals, persons, officers, agencies charged with the responsibility to investigate the conduct of Defendant Police Officers that were involved in the arrest of Plaintiff Dolores Sharpe.

16) Any and all investigations, documents, notes, memorandum, directives, orders, findings, determinations, reports, and conclusions conducted by Internal Affairs and/or any individuals, persons, officers, agencies charged with the responsibility to investigate the conduct of Plaintiff.

17)     Any and all complaints made by non-law enforcement and/or civilians about, related to, and/or against any of the Defendant Police Officers named in Plaintiff's Complaint - whether or not said complaint(s) were made directly to Defendant Nassau County, Nassau County Police Department and/or any other Non-County agency charged with the responsibility of investigating police conduct (such as the Civilian Complaint Review Board).

18)     Any and all non-privileged communications, memorandum, reports, documents, emails, notices, writings, etc. between any and all agents, representatives, officers, employees, and/or officials of the Defendant NASSAU COUNTY and NASSAU COUNTY POLICE DEPARTMENT related to the arrest/prosecution of Plaintiff Dolores Sharpe.

13

19)    Any and all press releases, interviews, statements, documents, and reports (recorded in any form, electronic or otherwise) made by Defendants, their agents, representatives, officials, employees and/or officers to any press, media outlet and/or reporting agency related to the arrest/prosecution of Plaintiff Dolores Sharpe.

20)    Any and all statements (in any form) made by any Defendants, their agents, representatives, officials, employees and/or officers related to the arrest/prosecution of Plaintiff Dolores Sharpe.

21)    Any and all non-public statements, documents, memos, communications, writings, recordings, reports, recommendations, opinions, between Defendants, their agents, representatives, officials, employees and/or officers related to the arrest/prosecution of Plaintiff Dolores Sharpe.

22)    Any and all non-public statements, documents, memos, communications, writings, recordings, reports, recommendations, opinions, between Defendants their agents, representatives, officials, employees and/or officers AND Defendants' insurance carriers related to the arrest/prosecution of Plaintiff Dolores Sharpe.

23) Any and all DOCUMENTS related to the retirement of Officer Sharpe from the Nassau County Police Department, including but not limited to, recommendations, reports, opinions, letters, notes, "good guy" letters, memos, approvals, logs, records, investigations, complaints, interviews, and statements.

24) Any and all DOCUMENTS related to internal and/or departmental complaints made by Officer Sharpe against any member(s) of service after the arrest listed in the Complaint, including but not limited to Defendants herein.

25) Any and all DOCUMENTS related to Officer Sharpe's attempt to procure a "good guy letter," gun privileges, and/or any other retirement entitlement from the Nassau County Police Department following her retirement from the Nassau County Police Department as well as any and all documents, data, memos, files, investigations, legal actions, and determinations related thereto.

26)    Any and all DOCUMENTS Defendants received from NASSAU COUNTY, or NASSAU COUNTY POLICE DEPARTMENT in relation to this action, including but not limited

14

to, letters informing Defendants of their entitlement to legal representation provided by NASSAU COUNTY, pursuant to the General Municipal Law section 50-1 and Nassau County Administrative Code Section 22-2.8.

27) Any and all DOCUMENTS, memorandum, notes, files, records, logs, entries, journals, data compilations, papers, writings, recordings (electronic or otherwise), reports, investigations, interviews, complaints, warrants, transcripts, bulletins, directives, guides, programs, practices, protocols, policies, instructions, procedures, statements, opinions, recommendations, or otherwise relating to the tape of the arrest listed in the Complaint.

28) Any and all DOCUMENTS relating to the investigation that VOLPE and/or GLADITZ were conducting on November 29, 2013 which required them to be within the parking lot on Mayfair Avenue in West Hempstead, N.Y., close to the store Dollar Tree which fronts on Hempstead Turnpike at approximately 5:30 P.M..

29) Any and all DOCUMENTS relating to the activities of VOLPE and/or GLADITZ on November 29, 2013 both prior to, and following, the arrest of Ms. Sharpe.

30) Any and all 911 tapes, emergency phone calls, radio transmission tapes, central dispatch communication, and any other communication made to, and/or between, police officers related to Ms. Sharpe on November 29, 2013.  Provide full copies of any police and/or investigative records and reports regarding said communications.

31) Any and all DOCUMENTS regarding the use of any communication device, including but not limited to cellular phones and radio, by DEFENDANTS VOPE, GLADITZ, and DALE on November 29, 2013.

32)     Any and all documents, data, reports, recordings, evidence, materials, notes, writings, audio/video data, and/or any other items in Defendants' possession related to the arrest/prosecution of Plaintiff Dolores Sharpe - ***whether or not Defendants deems same relevant to this civil litigation or intend to use same during trial in this matter - OR a privilege log which contains a description of any such items that Defendants do not intend to disclose so that Plaintiffs may make the appropriate application to the court for in-camera review or disclosure***.

15

**PLEASE TAKE NOTICE** THAT THIS IS AN ONGOING REQUEST PURSUANT TO
*FRCP* RULE 26. PLAINTIFFS RESERVE THE RIGHT TO AMEND, CORRECT, AND/OR
SUPPLEMENT THE ABOVE DEMANDS AT ANY TIME PRIOR TO CLOSE OF DISCOVERY.
IN ADDITION, PLAINTIFF RESERVES THE RIGHT TO MAKE ADDITIONAL REQUESTS
AND/OR TO FOLLOW-UP ON REQUESTS, MADE PRIOR TO THE CLOSE OF DISCOVERY,
AFTER THE CLOSE OF DISCOVERY INSOFAR AS DEFENDANTS FAILED/REFUSED TO
PROVIDE ADEQUATE RESPONSES TO THE ABOVE DEMANDS.


Dated: Hempstead, New York
       August 1, 2016

                                    LAW OFFICES OF
                                    FREDERICK K. BREWINGTON

                        By:         _____
                                    FREDERICK K. BREWINGTON
                                    *Attorney for Plaintiffs*
                                    556 Peninsula Boulevard
                                    Hempstead, New York 11550
                                    (516) 489-6959 (p)
                                    (516)489-6958 (f)

16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
Docket No.:
**CV-15-6446**

-----------------------------------------------------------------X

DOLORES SHARPE,

-against-

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, CHARLES VOLPE,
in his individual and official capacities,
VICTOR GLADITZ, in his individual and official
capacities, and Former Police Commissioner
THOMAS DALE, in his individual and official capacities,

*Defendants.*

-----------------------------------------------------------------X

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS**

-----------------------------------------------------------------X

LAW OFFICES OF
FREDERICK K. BREWINGTON
*Attorneys for Plaintiff*
556 Peninsula Blvd.
Hempstead, New York 11550
(516) 489-6959