

**LAMB &
BARNOSKY, LLP**
ATTORNEYS AT LAW

534 BROADHOLLOW ROAD, SUITE 210
PO BOX 9034
MELVILLE, NY 11747-9034
(631) 694.2300 • FAX: (631) 694.2309

SERVICE BY FAX, EMAIL OR OTHER FORMS OF
ELECTRONIC COMMUNICATION NOT ACCEPTED

MATTHEW J. MEHNERT
PARTNER

DIRECT DIAL: (631) 414.5856
DIRECT FAX: (631) 454.3867
MJM@LAMBBARNOSKY.COM

July 19, 2021

**By ECF**

Hon. Anne Y. Shields, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   Re: **Sharpe v. County of Nassau, et al.**
      **Docket No.: 15-cv-6446 (GRB)(AYS)**

Dear Judge Shields,

  This office is counsel to Defendants County of Nassau, Nassau County Police Department and Thomas Dale ("the County Defendants") in the above-entitled action. I write in response to Plaintiff's request for another extension of the "final" discovery schedule in this matter and, specifically, to correct a number of factual discrepancies in Plaintiff's request. In addition, I think it noteworthy that the documents involved in this current dispute are not related to any of the underlying events in this case. They are, instead, documents about unrelated Internal Affairs investigations of the individual Defendants. There is no dispute that Plaintiff has been given the complete Internal Affairs file relating to the Department's investigation of the events that gave rise to this lawsuit.

  On January 29, 2021, my Office timely served the County Defendants' response to Plaintiff's supplemental document demands. On March 15, 2021, the parties conducted the deposition of Thomas Dale. At the conclusion of that deposition, Plaintiff's counsel, for the first time, raised some concerns about objections made by all Defendants in response to Plaintiff's supplemental documents demands. It was agreed at that time that certain documents would be produced as soon as possible. Once it was determined later that same day by me that the volume of the production was going to exceed 1,400 pages, Plaintiff's counsel, in consultation with counsel for the other Defendants, decided to adjourn the depositions of Messrs. Volpe and Gladitz. I was advised of the adjournment, not asked for my consent, as evident from Exhibit A to Plaintiff's request.

  My Office produced an initial group of documents a week later on March 22, 2021, along with a representation that additional documents relating to Mr. Gladitz did not exist. Thereafter, I reviewed the remaining approximately 1,400 documents and made appropriate redactions to protect personally identifiable

information, confidential personnel information of police officers who are not parties to this lawsuit, information relevant to confidential investigations that are not relevant to this lawsuit and personal medical information of non-parties. Those documents, in redacted form, were produced to all parties the following week, on April 2, 2021. Although nothing was withheld on the basis of privilege, Plaintiff requested that a privilege log be produced with regard to the redacted information. I agreed to prepare something resembling a privilege log and send to all parties. I had at least one conversation with Plaintiff's counsel in April regarding the production of the log, upon which I was actively working.

The redaction log took a significant amount of time, but was ultimately completed and mailed out by my office on May 26, 2021, along with a copy of Mr. Dale's signature page following his review of his deposition transcript. A copy of the log is attached hereto as Exhibit A. It is my Firm's policy and practice to serve all documents, including discovery and signed deposition transcripts, by mail. I did not hear again from Plaintiff's counsel regarding the documents, the redaction log or the rescheduled depositions of Messrs. Volpe & Gladitz until July 9, 2021.

During a telephone conference that day, I learned for the first time that Plaintiff had not received the redaction log. While we were on the phone, I emailed a copy of the documents to all counsel. I also reviewed my file and computer system to ascertain if there was some reason to believe the document had not been sent out. Having reviewed the documents in our files (both hard copy and digital) and spoken with my Office staff, I am confident that my assistant took all appropriate steps to ensure these documents were sent out, consistent with our standard office protocols. Thus, I have no reason to believe that the documents were not sent out on May 26, particularly because the signed cover letter was scanned and saved into our filing system, which is the last thing to occur before a document is mailed out. I have no idea what happened to the documents once they left my office with that day's mail. Accordingly, Plaintiff's suggestion that the documents were not sent out by me before July 9 is, quite simply, wrong.

As Plaintiff admits in the second to last full paragraph of her request, she failed to follow up on the production of the log. Had she done so, we all would have discovered the mail service's error much earlier and taken prompt remedial action. Regardless, the redaction log was not even necessary for Plaintiff to at least commence the depositions of Messrs. Volpe and Gladitz at any earlier point. The documents that were produced provided substantial information that could have been explored, in addition to a deposition about the actual facts of this case. The Court should bear in mind that the documents requested are not related to the underlying events. Instead, they are documents relating to other, unrelated Internal Affairs investigations of the individual Defendants.

Plaintiff has offered no explanation for her failure to reschedule the depositions or follow up on the production of this supposedly necessary redaction log. She merely points the finger at my Office, which is misplaced since I personally prepared the log and made arrangements for it to be mailed. Given this Court's prior Orders, I advised Plaintiff that I could not consent to a further extension of time to complete depositions that Plaintiff has shown no interest in pursuing since early April.

**Lamb & Barnosky, LLP**                                Hon. Anne Y. Shields, U.S.M.J.
Page 3
July 19, 2021

For these reasons, the County Defendants respectfully request that the Court deny Plaintiff's request to extend the discovery schedule. The Court's continuing attention to this matter is greatly appreciated.

Respectfully submitted,

Matthew J. Mehnert

Enc.

cc: Frederick Brewington, Esq. (via ECF)
James Murphy, Esq. (via ECF)
Steven Stern, Esq. (via ECF)

# EXHIBIT A

# SHARPE V. COUNTY OF NASSAU, ET AL.
## DOCKET NO. 15-CV-6446 (GRB)(AYS)
### Redaction Log

| Bates Stamp | Document Type | Reason for Redaction |
| --- | --- | --- |
| Nassau County 001136 | IAU 80-2013 Summary Sheet | Recommendations regarding discipline for non-party police officers – Confidential personnel information about non-parties that is not relevant to lawsuit |
| Nassau County 001141 | Internal Affairs Summary of Investigation for IAU 80-2013 | Medical information relating to treatment of non-party police officer – Information protected by Health Insurance Portability and Accountability Act ("HIPAA") |
| Nassau County 001142 | Internal Affairs Summary of Investigation for IAU 80-2013 | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001143 | Internal Affairs Summary of Investigation for IAU 80-2013 | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001148 | Internal Affairs Summary of Investigation for IAU 80-2013 | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001150 | Internal Affairs Summary of Investigation for IAU 80-2013 | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001151 | Internal Affairs Summary of Investigation for IAU 80-2013 | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001152 | Internal Affairs Summary of Investigation for IAU 80-2013 | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001153 | Internal Affairs Summary of Investigation for IAU 80-2013 | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001154 | Internal Affairs Summary of Investigation for IAU 80-2013 | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001155 | Internal Affairs Summary of Investigation for IAU 80-2013 | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County | Internal Affairs Summary of Investigation | Medical information relating to treatment of non-party |

| | | |
|---|---|---|
| 001156 | for IAU 80-2013 | police officer – Information protected by HIPAA |
| Nassau County 001157 | Internal Affairs Summary of Investigation for IAU 80-2013 | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001158 | Internal Affairs Summary of Investigation for IAU 80-2013 | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001159 | Internal Affairs Summary of Investigation for IAU 80-2013 | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001160 | Internal Affairs Summary of Investigation for IAU 80-2013 | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001161 | Internal Affairs Summary of Investigation for IAU 80-2013 | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001165 | Internal Affairs Summary of Investigation for IAU 80-2013 | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001167 | Internal Affairs Summary of Investigation for IAU 80-2013 | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001170 | Internal Affairs Summary of Investigation for IAU 80-2013 | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001172 | Internal Affairs Summary of Investigation for IAU 80-2013 | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001174 | Internal Affairs Summary of Investigation for IAU 80-2013 | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001175 | Internal Affairs Summary of Investigation for IAU 80-2013 | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001176 | Internal Affairs Summary of Investigation for IAU 80-2013 | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001176 | Internal Affairs Summary of Investigation for IAU 80-2013 | Findings regarding potential violation of Department Rules by non-party police officers – Confidential personnel information about non-parties that is not relevant to lawsuit |
| Nassau County 001177-82 | Internal Affairs Summary of Investigation for IAU 80-2013 | Findings regarding potential violation of Department Rules by non-party police officers – Confidential personnel information about non-parties that is not relevant to lawsuit |

2

| Nassau County 001182 | Internal Affairs Summary of Investigation for IAU 80-2013 | Medical information relating to treatment of non-party police officer -- Information protected by HIPAA |
|---|---|---|
| Nassau County 001183 | Internal Affairs Summary of Investigation for IAU 80-2013 | Medical information relating to treatment of non-party police officer -- Information protected by HIPAA |
| Nassau County 001184-91 | Internal Affairs Summary of Investigation for IAU 80-2013 | Findings regarding potential violation of Department Rules by non-party police officers -- Confidential personnel information about non-parties that is not relevant to lawsuit |
| Nassau County 001193-95 | Internal Affairs Summary of Investigation for IAU 80-2013 | Findings regarding potential violation of Department Rules by non-party police officers -- Confidential personnel information about non-parties that is not relevant to lawsuit |
| Nassau County 001196 | Internal Affairs Summary of Investigation for IAU 80-2013 | Medical information relating to treatment of non-party police officer -- Information protected by HIPAA |
| Nassau County 001197 | Internal Affairs Summary of Investigation for IAU 80-2013 | Medical information relating to treatment of non-party police officer -- Information protected by HIPAA |
| Nassau County 001200 | NCPD Citizen Complaint Summary | Medical information relating to treatment of non-party police officer -- Information protected by HIPAA |
| Nassau County 001202 | Anonymous letter to Internal Affairs | Medical information relating to treatment of non-party police officer -- Information protected by HIPAA |
| Nassau County 001204 | Statement of Sgt. Jeffrey Davis | Medical information relating to treatment of non-party police officer -- Information protected by HIPAA |
| Nassau County 001210 | Statement of P.O. Charles Volpe | Medical information relating to treatment of non-party police officer -- Information protected by HIPAA |
| Nassau County 001214 | Statement of AMT Daniel Pignataro | Medical information relating to treatment of non-party police officer -- Information protected by HIPAA |
| Nassau County 001218 | Statement of P.O. Wendy Turner | Medical information relating to treatment of non-party police officer -- Information protected by HIPAA |
| Nassau County 001224 | Statement of P.O. Douglas Penna | Medical information relating to treatment of non-party police officer -- Information protected by HIPAA |
| Nassau County 001228 | Statement of P.O. Natalie Coppola | Medical information relating to treatment of non-party police officer -- Information protected by HIPAA |
| Nassau County | Statement of P.O. Mark Scaliola | Medical information relating to treatment of non-party |

| | | |
|---|---|---|
| 001229 | | police officer – Information protected by HIPAA |
| Nassau County 001230 | Statement of P.O. Christopher Faughnan | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001235 | Statement of P.O. Leakat Hanif | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001240 | Statement of P.O. Thomas Amadio | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001241 | Statement of P.O. Jacques Dartiguenave | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001242 | Statement of P.O. Salvatore Maiello | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001243-44 | Statement of P.O. Charles Volpe | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001245 | Statement of P.O. George Theodoropoulos | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001246 | Statement of P.O. Robert Schade | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001247-48 | Statement of P.O. Mark Casella | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001253 | Statement of P.O. Paul Trosko | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001258 | Statement of P.O. Brian Monk | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001259-61 | Statement of P.O. Sung Duk Kim | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001263-65 | Statement of Sgt. Jeffrey Davis | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001266 | Statement of P.O. Eric Kafka | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001269-70 | Members Sick Leave Activity Report | Confidential personnel and medical information relating to non-party police officer – Information protected by HIPAA and irrelevant to lawsuit |
| Nassau County | NPD Inquiry Only Leave Charge Form | Confidential personnel and medical information relating |

4

| | | |
|---|---|---|
| 001271-77 | | to non-party police officer – Information protected by HIPAA and irrelevant to lawsuit |
| Nassau County 001279-80 | NPD Members Injury/Accident Report | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001283-87 | Employer's Report of Work-Related Accident/Occupational Disease to New York Workers' Compensation Board | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001288-89 | Employee Claim Form to New York Workers' Compensation Board | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001290-95 | Police Surgeon Visit Report | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001297-1318 | Police Surgeon Visit Report | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001319-1436 | North Shore LIJ Franklin Hospital Medical Records | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001450-53 | North Shore LIJ Franklin Hospital Medical Records | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 001455-56 | NPD Employee Personal Data and Employment History Form | Personally Identifiable Information ("PII") |
| Nassau County 001477-78 | Internal Affairs Summary of Investigation for IAU 58-2018 | Information relating to findings from confidential investigation that is not relevant to lawsuit |
| Nassau County 001479 | Internal Affairs Summary of Investigation for IAU 58-2018 | PII |
| Nassau County 001481 | Internal Affairs Summary of Investigation for IAU 58-2018 | PII |
| Nassau County 001484 | Internal Affairs Summary of Investigation for IAU 58-2018 | PII |
| Nassau County 001493 | Internal Affairs Summary of Investigation for IAU 58-2018 | PII |
| Nassau County 001495 | Internal Affairs Summary of Investigation for IAU 58-2018 | PII |
| Nassau County 001519 | Backup information attached to Internal Affairs Summary of Investigation for IAU | PII |

|  | 58-2018 |  |
|---|---|---|
| Nassau County 001521 | NYPD Omniform System – Complaints Form | PII |
| Nassau County 001525-27 | Government Employees Insurance Companies Vehicle Fire Questionnaire | PII |
| Nassau County 01530 | Incident Report Form | PII |
| Nassau County 01531 | Case Summary Report | PII |
| Nassau County 001533 | Case Summary Report | PII |
| Nassau County 001538 | Nassau County Fire Marshal's Office Incident Report | PII |
| Nassau County 001559-62 | Employer's Report of Work-Related Accident/Occupational Disease to New York Workers' Compensation Board | PII |
| Nassau County 001586-87 | Fax transmission from Williams-Sonoma, Inc. to Det. Sgt. Paul Ferrer | PII |
| Nassau County 001589 | Purchase Information report | PII |
| Nassau County 001591 | Payment Inquiry report | PII |
| Nassau County 001593 | Order Detail report | PII |
| Nassau County 001598 | Fax transmission from Williams-Sonoma, Inc. to Det. Sgt. Paul Ferrer | PII |
| Nassau County 001599 | Customer Order report | PII |
| Nassau County 001601 | Williams-Sonoma Payment Transaction Inquiry report | PII |
| Nassau County 001606 | Order Summary report | PII |
| Nassau County | Customer Order report | PII |

| | | |
|---|---|---|
| 001614-15 | | |
| Nassau County 001633 | Customer Service invoice | PII |
| Nassau County 001640 | Utica First Insurance Company First Report | PII |
| Nassau County 001643-48 | Photo Sheet | PII |
| Nassau County 001652 | LaMarche Associates Company Acknowledgement | PII |
| Nassau County 001654 | Email from LaMarche Associates to "DPLUMLEY" | PII |
| Nassau County 001656-61 | ISO Claimsearch Match Report Summary | PII |
| Nassau County 001662 | Customer Service Summary | PII |
| Nassau County 001663 | Utica First Insurance Company Homeowners Policy Renewal Declaration | PII |
| Nassau County 001664 | Utica First Insurance Company Forms Inventory Page | PII |
| Nassau County 001665 | Email from Donna Plumley | PII |
| Nassau County 001667-72 | ISO Claimsearch Match Report Summary | PII |
| Nassau County 001674 | Customer Service report | PII |
| Nassau County 001682 | LaMarche Associates, Inc. Invoice | PII |
| Nassau County 001691 | Customer Service Summary | PII |
| Nassau County 001692 | Utica First Insurance Company Renewal Declaration | PII |
| Nassau County 001693 | Utica First Insurance Company Forms Inventory Page | PII |

| | | |
|---|---|---|
| Nassau County 001701 | Donna Plumley Notes | PII |
| Nassau County 001704-05 | Case Summary Report | PII |
| Nassau County 001706 | LA Inc. Second and Reply Requested Report | PII |
| Nassau County 001762-78 | Amex EveryDay Credit Card report | PII |
| Nassau County 001779-87 | Target Credit Card Report | PII |
| Nassau County 001803 | LA Inc. Fifth Report | PII |
| Nassau County 001808 | LA Inc. Fourth Report | PII |
| Nassau County 001814 | LA Inc. Third Report | PII |
| Nassau County 001821 | LA Inc. Eighth Report | PII |
| Nassau County 001825-33 | Flagstar Bank check | PII |
| Nassau County 001834-39 | MCU Bank check | PII |
| Nassau County 001845 | Case Summary Report | PII |
| Nassau County 001851 | LA Inc. Seventh and Reply Requested Report | PII |
| Nassau County 001855 | LA Inc. Sixth and Reply Requested Report | PII |
| Nassau County 001860-67 | The Tile Shop Invoice | PII |
| Nassau County 001868 | The Tile Shop Receipt | PII |
| Nassau County | Home Depot Receipt | PII |

| | | |
|---|---|---|
| 001870-80 | | |
| Nassau County 001881-83 | Lowe's Receipt | PII |
| Nassau County 001884 | Weisman Home Outlets Receipt | PII |
| Nassau County 001888 | National Insurance Crime Bureau Claim File Request | PII |
| Nassau County 001890 | National Insurance Crime Bureau Claim File Request | PII |
| Nassau County 001892 | Email from Edwin Carlson to Donna Plumley | PII |
| Nassau County 001893 | National Insurance Crime Bureau Claim File Request | PII |
| Nassau County 001895 | National Insurance Crime Bureau Claim File Request | PII |
| Nassau County 001897 | LA Inc. Tenth and Final Report | PII |
| Nassau County 001907 | Policy Holder's Release of all Claims | PII |
| Nassau County 001909 | Email from Evan Katz to Donna Plumley | PII |
| Nassau County 001912 | Email from Evan Katz to Donna Plumley | PII |
| Nassau County 001913 | Email from Evan Katz to Donna Plumley | PII |
| Nassau County 001914 | LA Inc. Ninth and Reply Requested Report | PII |
| Nassau County 001928-56 | The Tile Shop Invoice | PII |
| Nassau County 001957 | The Tile Shop receipt | PII |
| Nassau County 001958-61 | ISO Claim Search results listing | PII relating to non-parties who share same name as defendant Volpe |

| Nassau County 001964 | ISO Claim Search results listing | PII relating to non-parties who share same name as defendant Volpe |
|---|---|---|
| Nassau County 001969 | Purchase Summary | PII |
| Nassau County 001974 | Letter from Det. Sgt. Paul Ferrer to MLB.com | PII |
| Nassau County 001977-2000 | REDCard Statement | PII |
| Nassau County 002001-43 | Amex EveryDay Credit Card Statement | PII |
| Nassau County 002044 | REDCard Statement | PII |
| Nassau County 002047 | Email from Charles Volpe to James Tobin | PII |
| Nassau County 002054 | Email from Charles Volpe to James Tobin | PII |
| Nassau County 002068 | Case Summary Report | PII |
| Nassau County 002069 | Case Summary Report | PII of individuals who are not parties to lawsuit |
| Nassau County 002071-72 | Case Summary Report | PII of individuals who are not parties to lawsuit |
| Nassau County 002080-81 | Email from Charles Volpe to James Tobin | PII |
| Nassau County 002087 | NCPD Field Interview Report | PII of individuals who are not parties to lawsuit |
| Nassau County 002088-89 | Mugshot Profile | PII of individuals who are not parties to lawsuit |
| Nassau County 002091 | Photograph | PII |
| Nassau County 002099-300 | Internal Affairs Summary of Investigation for IAU 13-2019 | Information relating to findings from confidential investigation that is not relevant to lawsuit |
| Nassau County | Internal Affairs Summary of Investigation | PII of individual who is not a party to lawsuit |

10

| | | |
|---|---|---|
| 002107 | for IAU 13-2019 | |
| Nassau County 002109-10 | Internal Affairs Summary of Investigation for IAU 13-2019 | Information relating to findings from confidential investigation that is not relevant to lawsuit |
| Nassau County 002110 | Internal Affairs Summary of Investigation for IAU 13-2019 | PII |
| Nassau County 002111 | Internal Affairs Summary of Investigation for IAU 13-2019 | PII |
| Nassau County 002136-37 | Internal Affairs Summary of Investigation for IAU 13-2019 | Information relating to findings from confidential investigation that is not relevant to lawsuit |
| Nassau County 002169 | Internal Affairs Summary of Investigation for IAU 13-2019 | Medical information relating to treatment of non-party police officer – Information protected by HIPAA |
| Nassau County 002198 | NCPD Internal Investigation Report | PII |
| Nassau County 002200 | Statement of Charles Volpe | PII |
| Nassau County 002214-15 | Statement of Charles Volpe | Statement taken during confidential investigation that is not relevant to lawsuit |
| Nassau County 002221 | Consent for Release of Patient Information | PII |
| Nassau County 002230 | Email from James Wilson to Paul Ferrer | PII |
| Nassau County 002236 | Statement of Enrico Mango | PII of individual who is not a party to lawsuit |
| Nassau County 002239 | Addendum to Previously Submitted Report | PII |
| Nassau County 002244-46 | Employer's First Report of Work-Related Injury/Illness to New York Workers' Compensation Board | PII |
| Nassau County 002247 | NPD Members Injury/Accident Report | PII |
| Nassau County 002254 | Patient Care Report | PII |
| Nassau County | Sports Medicine and Spine Rehabilitation, | PII |

11

| | | |
|---|---|---|
| 002280 | P.C. report | |
| Nassau County 002283 | Sports Medicine and Spine Rehabilitation, P.C. report | PII |
| Nassau County 002288 | Letter from Office of State Comptroller to Melissa Gallucci | PII |
| Nassau County 002290-92 | Authorization for Release of Health Information | PII |
| Nassau County 002459-62 | EJusticeNY Report | PII |
| Nassau County 002464 | Photograph | PII |
| Nassau County 002465-69 | Search Results | PII |
| Nassau County 002470-76 | Vehicle Detection Report | PII |
| Nassau County 002502 | P.O. Charles Volpe – Timeline of Events | Information relating to findings from confidential investigation that is not relevant to lawsuit |