

534 BROADHOLLOW ROAD, SUITE 210
PO BOX 9034
MELVILLE, NY 11747-9034
(631) 694.2300 • FAX: (631) 694.2309

SERVICE BY FAX, EMAIL OR OTHER FORMS OF
ELECTRONIC COMMUNICATION NOT ACCEPTED

MATTHEW J. MEHNERT
PARTNER

DIRECT DIAL: (631) 414.5856
DIRECT FAX: (631) 454.3867
MJM@LAMBBARNOSKY.COM

April 18, 2022

**By ECF**
Hon. Gary R. Brown, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   Re: **Sharpe v. County of Nassau, et al.**
      **Docket No.: 15-cv-6446 (GRB)(AYS)**

Dear Judge Brown,

  We are counsel to Defendants County of Nassau, Nassau County Police Department and Thomas Dale (collectively, "the County Defendants") in the above-entitled action. Consistent with § II(g) of Your Honor's Individual Practice Rules, we request a pre-motion conference in anticipation of filing a motion for summary judgment. It is our understanding that individual Defendants Volpe and Gladitz will be making similar requests through their respective counsel. The County Defendants have contemporaneously filed a Local Rule 56.1 Statement on behalf of all Defendants setting forth those material facts about which there is no dispute and which will be applicable to the motions filed by each Defendant.

  Former County Police Officer Dolores Sharpe was detained, arrested and ultimately charged with resisting arrest, harassment and driving with illegally tinted windows based upon a November 29, 2013 incident while she was off-duty. The incident began when Plaintiff and then County Police Officer Charles Volpe had two brief verbal exchanges in the parking lot of a Dollar Tree in West Hempstead, during which Plaintiff cursed at Officer Volpe and claimed she was a police officer, but did not show police identification. Her claim, along with her illegally tinted windows, led Officer Volpe to pull Plaintiff over after she left the parking lot. Plaintiff immediately got out of her car and confronted Officer Volpe and County Police Officer Victor Gladitz, who had arrived to assist. Plaintiff's behavior was erratic, inappropriate and unprofessional, leading Officer Gladitz to place her in handcuffs. Plaintiff was later acquitted of the criminal charges after the jury deliberated for over four days.

  Plaintiff now asserts the following causes of action against all Defendants: (1) race discrimination pursuant to 42 U.S.C. § 1981; (2) First Amendment retaliation; (3) violation of the Equal Protection Clause; (4) excessive force; (5) abuse of process; (6) false arrest; (7) malicious prosecution; (8) failure to intervene; (9) a *Monell* claim against the County; and (10) civil conspiracy. For the reasons that follow, summary judgment is appropriate.

Plaintiff's § 1981 and Equal Protection claims are subject to the same burden shifting framework used to analyze Title VII discrimination claims. *See Phillips v. City of New York*, 304 F. Supp. 3d 305, 311 (E.D.N.Y. 2018). There is no evidence that Plaintiff was treated differently because of her race or gender, which is fatal to her discrimination claims. Plaintiff's systemic racial discrimination claim also fails because there is no evidence of any policy or practice to mistreat African American individuals and Plaintiff has not come forward with any examples of Department mistreatment of African American officers. The lack of evidence to support the mistreatment of racial minorities also precludes the *Monell* claim.

Plaintiff's First Amendment claim fails because her alleged protected speech took place only after her arrest, which prevents her from establishing a causal connection sufficient to establish her claim. *See Monz v. Rocky Point Fire Dist.*, 853 F. Supp. 2d 277, 288-89 (E.D.N.Y. 2012). Her false arrest and malicious prosecution claims must be dismissed because the arrest is supported by probable cause. *See Brown v. City of New York*, 201 F. Supp. 3d 328, 331 (E.D.N.Y. 2016). The two criminal charges were factually supported based upon Plaintiff's aggressive and uncooperative behavior at the scene and the traffic violation was supported based upon the officer's observations. While all charges were ultimately dismissed, the dismissal is irrelevant to whether the underlying arrest was supported by probable cause, particularly where a motion to dismiss at the criminal trial was denied. *See Weyant v. Okst*, 101 F.3d 845, 853 (2d Cir. 1996). Similarly, the abuse of process claim is unsupportable because there is no basis for finding that the officers had an ulterior motive for detaining Plaintiff. Notably, Plaintiff's status as a police officer does not accord her greater right to act inappropriately or defeat probable cause.

The excessive force claim is precluded because the officers used only reasonable force in placing Plaintiff in handcuffs and Plaintiff was uninjured. Plaintiff's aggressive behavior, which was contrary to her own training as a police officer, justified the minimal use of force in which the officers engaged. The alternative theory of a failure to intervene fails against Mr. Dale because Plaintiff alleges that Mr. Dale directly participated in the constitutional infringement. *See Buchy v. City of White Plains*, 2015 WL 8207492, at * 3 (S.D.N.Y. Dec. 7, 2015). Finally, the civil conspiracy claim fails because officers within the same entity, such as the three individual defendants here, are legally incapable of conspiring with each other. *See Hartline v. Gallo*, 546 F.3d 95, 99 (2d Cir. 2008).

In addition, Mr. Dale seeks dismissal of the claims asserted against him based upon qualified immunity because his limited actions relating to Plaintiff could not reasonably have been understood to have violated her rights. *See Santos v. Zabbara*, 984 F. Supp. 2d 106 (E.D.N.Y. 2013). Even if not entitled to an immunity defense, all § 1983 claims against Mr. Dale should be dismissed due to his lack of personal involvement. *See Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004).

In addition to seeking a pre-motion conference, the County Defendants respectfully request that the parties' deadline to file a joint pre-trial order be extended until 14 days after the Court's decision on the anticipated motion practice.

　　　　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　Matthew J. Mehnert

cc:　　All Counsel of Record