LAW OFFICES OF
## MONTFORT, HEALY, MCGUIRE & SALLEY LLP

JAMES M. MURPHY
CHRISTOPHER T. CAFARO
JEFFREY D. PRESENT
MICHAEL J. BORANIAN

JONATHAN R. AMES
MICHAEL K. CHIN
MAGDA DEMOYA COYLE
MICHAEL A. GIAMBRONE
JACQUELINE K. IAQUINTA
VINCENT IERACI
HUGH J. LARKIN
JOHN W. PERSONS

840 FRANKLIN AVENUE
P.O. BOX 7677
GARDEN CITY, NEW YORK, 11530-7677

TELEPHONE: (516) 747-4082
TELECOPIER: (516) 746-0748

e-mail: montfort@mhms-law.com
url: www.mhms-law.com

COUNSEL

MICHAEL A. BARANOWICZ
FRANK J. CAFARO
JOSEPH R. CRAFA
JOHN W. HOEFLING
DONALD S. NEUMANN, JR.
JOHN KENNETH RODE

April 18, 2022

**Via ECF Filing**
Honorable Gary R. Brown, U.S.D.J.
United States District Court
Eastern District of New York
Long Island Court House
100 Federal Plaza
Central Islip, New York 11722

        Re: Sharpe v. County
           Docket No.: CV-15-6446(GRB)(AYS)
           Our File No.: 01-24544

Dear Judge Brown:

  My office represents defendant Victor Gladitz in the above referenced matter. I write to respectfully request a Pre-Motion Conference in anticipation of moving for summary judgment pursuant to Federal Rule of Civil Procedure 56. In this case, summary judgment is an appropriate disposition of plaintiff's action because there are no genuine questions of material fact preventing the dismissal of plaintiff's claims.

  All of the defendants in this action are filing a Joint Local Rule 56.1 Statement of Undisputed Material Facts, which is being filed by the County defendants' counsel. On the day of plaintiff's arrest, Nassau County Police Officer Victor Gladitz arrived at the scene and observed that co-defendant Nassau County Police Officer Volpe had pulled over plaintiff's vehicle on Mayfair Avenue in West Hempstead. Defendant Gladitz observed plaintiff outside of her vehicle by the driver's side door of P.O. Volpe's police car while defendant Volpe was still seated in the car with the door closed. The plaintiff was clearly agitated, yelling and cursing at P.O. Volpe. P.O. Gladitz spoke with the plaintiff in an effort to calm her down and walked with her back to her car.

  P.O. Volpe then exited his police vehicle and approached the plaintiff requesting that she provide her identification. Plaintiff repeatedly flashed her police identification; however, P.O.

Volpe could not clearly see it and when he grabbed it it broke off the chain that plaintiff had the identification holder attached to. P.O. Volpe then took the identification back to his vehicle to run a check on the plaintiff.

At that time, plaintiff had her hands in her pockets and for safety reasons, P.O. Gladitz told the plaintiff to take her hands out of her pockets. She was still holding the chain that had held the ID in her hand and as she pulled her hands out of her pockets, she brought her hands up toward P.O. Gladitz's face with the chain just missing his face, as he pulled back. Based on plaintiff's actions, P.O. Gladitz then immediately handcuffed the plaintiff for his safety.

Nassau County Police Sergeants were called to the scene and eventually the plaintiff was taken to the Fourth Precinct where she met with her PBA representative, her Commanding Officer, and Internal Affairs. After many hours, she was charged with resisting arrest, harassment and driving with illegally tinted windows. After a criminal jury trial, the plaintiff was acquitted of the charges and then pursued this lawsuit.

It is undisputed that neither Officers Volpe nor Gladitz made any comment toward plaintiff that was racial in nature and plaintiff did not sustain any physical injuries from the incident complained of, therefore, there was no constitutional violation. See, *Marquez-DeJesus v. Asuega*, No. 86 Cir. 9210, 1989 WL 252647 at*3 (S.D.N.Y. Jan. 9, 1989). Plaintiff's §1981 Unequal Protection Claims fail since there is no evidence that plaintiff was treated differently because of her race or gender.

The plaintiff's First Amendment Claims fail as a matter of law because her alleged protected speech took place only after her arrest. Plaintiff's false arrest and malicious prosecution claims must be dismissed since probable cause existed for plaintiff's arrest based on her erratic, inappropriate and unprofessional behavior which included attempting to strike P.O. Gladitz with the metal chain that had held her ID. *Brown v. City of New York*, 201 F.Supp.3d 328, 331(E.D.N.Y. 2016). Plaintiff's abuse of process claim cannot service since there is no evidence that the officers had an ulterior motive for detaining plaintiff. The excessive force claim fails because plaintiff was simply placed in handcuffs for the safety of P.O. Gladitz. See, *Brumfield v. Jones*, 849 F.2d 152, 156 (5th Civ. 1988). Plaintiff's malicious prosecution claims as against P.O. Gladitz also fails since he was not involved in the decision making process to prosecute the plaintiff. Lastly, plaintiff civil conspiracy claims fails because the defendants all part of the Nassau County Police Department which is legally incapable of conspiring with itself. See, *Hartline v. Gallo*, 546 F.3d 95, 99 (2d. Cir. 2008).

We look forward to discussing the issue set forth herein during a pre-motion conference.

Sharpe v. County
April 18, 2022
Page Three

Respectfully submitted,

MONTFORT, HEALY, McGUIRE & SALLEY LLP

*James Michael Murphy*
James Michael Murphy

JMM/dm
cc: **Via ECF**
Fred Brewington - fred@brewingtonlaw.com
Lamb & Barnosky - RKZ@LambBarnosky.com; mjm@LambBarnosky.com
Sokoloff Stern, LLP - sstern@sokoloffstern.com; vpelage@sokoloffstern.com